UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC FERGUSON,<br>800 4th Street SW #412,<br>Washington, DC 20024,<br><br>    Plaintiff,<br><br>            v.<br><br>NORMAN Y. MINETA,<br>Secretary,<br>Department of Transportation,<br>400 7th Street, SW,<br>Washington, DC 20590,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*      Civil Action No.<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

1.     Plaintiff Eric Ferguson, a current employee of the U.S. Department of Transportation, brings this action against his employer to address violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* for denial of promotion and other economically and psychologically harmful actions taken against him because of his race and/or in retaliation for prior engagement in protected activities.  Plaintiff seeks appropriate relief.

Jurisdiction and Venue

2.     This Court has jurisdiction over the claims alleged herein pursuant to 42 U.S.C. § 2000e-(5)(f), and 28 U.S.C. §1343.

3.      Proper venue is in this Court as all relevant events alleged herein have occurred within the District of Columbia.

Parties

4. Plaintiff, an African-American male, has been employed by Defendant Department of Transportation since 1999. Mr. Ferguson is a resident of the District of Columbia.

5. Defendant Norman Y. Mineta is the Secretary of the United States Department of Transportation. As Secretary, Defendant is responsible for employment practices and procedures. The Defendant employs over 500 employees at all times relevant hereto.

Factual Statement

6. Plaintiff Eric Ferguson, who has a B.S. degree in Civil Engineering was hired by Defendant as a General Engineer, GS-9, in the Math Analysis Division in the National Center for Statistics and Analysis (NCSA) in October, 1999.

7. The position announcement indicated that the position is a career ladder with promotion potential to the GS-13 level. A career ladder position provides for a non-competitive promotion for each year the employee demonstrates the appropriate performance and skills.

8. Mr. Ferguson, shortly after hire, was detailed to Special Crash Investigations (SCI) in the Crash Investigation Division (CID). He is the only African American engineer in CID. All other engineers are white and are GS-14s.

9. During this detail, Plaintiff Ferguson performed the duties of a General Engineer, William Evans, who had been hired by CID as a GS-13, but had been transferred to another department. Mr. Evans is a white male.

10. In November, 2000, Complainant was promoted to a GS-11.

11. Following his first promotion, Mr. Ferguson requested from his supervisors guidance as to what was necessary to achieve promotion but was repeatedly given varying instructions.

12. A co-worker, Ms. Kristin Thiriez (Caucasian) was also hired as a GS-9, General Engineer in CID in May 2000, seven months after Mr. Ferguson. Ms. Thiriez also approached her supervisor about what was necessary for promotion. She was then charged with the quality control and publication of the results of the Tire Pressure Special Study (TPSS).

13. Ms. Thiriez was informed of the requirements of promotion whereas Mr. Ferguson was not.

14. Ms. Thiriez was afforded opportunities for additional projects and responsibilities which were not provided to Mr. Ferguson. Later, Plaintiff was informed that additional projects and responsibilities were critical to promotion.

15. In early 2004, Plaintiff Ferguson again asked his direct supervisor, Mr. Augustus Chidester, about getting promoted. In April 2004, Mr. Ferguson was assigned the lead in the 15 Passenger Van Study. Mr. Chidester stated that projects such as this were needed for promotion to higher grades.

16. Mr. Ferguson then spoke with Ms. Darlene Peoples, Lead Personnel Management Specialist, NHTSA Office of Personnel, inquiring about the agency's promotion procedures. Ms. Peoples suggested that he talk to his supervisor about why he had not been promoted.

17. When, Mr. Ferguson spoke with Mr. Chidester, he replied that Mr. Ferguson did not volunteer for work, although Plaintiff had done so.

18. Mr. Chidester also mentioned Ms. Thiriez's promotion to GS-13 and stated that her work on projects was a reason she was promoted to GS-13.

19. In July, 2004, Mr. Chidester informed Plaintiff Ferguson that he was putting in the paperwork for Ferguson's promotion to GS-12.

20. Mr. Chidester later informed Mr. Ferguson that his supervisor, Mr. Joseph Carra, wanted to wait until the completion of the 15-passenger van study before promoting Plaintiff.

21.     On September 23, 2004, after the completion of the Van Study, Mr. Ferguson sent an email to Mr. Chidester to clarify the status of his promotion to GS-12. Mr. Chidester responded by stating that "Your promotion is based on demonstrating the ability to perform basic project management."

22.     However, less than two weeks later, Mr. Ferguson's October 6, 2004 performance appraisal, rated him overall as "Exceeded Expectations," including a rating of "exceeds" for "project lead for special studies," for his work on the 15-passenger van study.

23.     On November 1, 2004, Plaintiff contacted Mr. Walter, Senior Associate Administrator, requesting a resolution to his situation. In response, the following day, Mr. Walter stated that he had discussed the promotion with NCSA management and promised they would provide Plaintiff the specifics of how "he need[s] to perform to be seriously considered for promotion." However, no such guidance was ever provided.

24.     On November 12, 2004, Mr. Ferguson filed an informal complaint with the Agency's EEO office.

25.     On December 7, 2004, the EEO Counselor spoke with Mr. Chidester regarding Mr. Ferguson. Mr. Chidester stated that he "had no problem with Mr. Ferguson's work and he is timely in providing the tasks." Id.

26.     In February, 2005, over four years after his promotion to GS-11, Mr. Ferguson learned of his promotion to GS-12. No back pay was provided to Plaintiff.

27.     Plaintiff Ferguson has not yet been promoted to GS-13 nor has he been provided any explanation as to the reason for the failure to promote him in a timely manner.

Exhaustion of Administrative Remedies

30.     On November 12, 2004 Plaintiff Ferguson contacted an EEO counselor and filed a formal

EEO complaint on December 22, 2004. After the completion of the investigation, Plaintiff requested a formal hearing and Defendant issued a final decision on July 27, 2005. Plaintiff appealed Defendant's decision on August 21, 2005 and the Equal Employment Opportunity Commission Office of Federal Operations ruled on January 24, 2006. Plaintiff then filed a Motion for Reconsideration on February 28, 2006 which was denied on March 15. 2006. This action was filed within ninety (90) days of receipt of that decision.

## Claims

COUNT I      Adverse Employment Actions Taken Against Plaintiff on the Basis of Race.

Paragraphs 1 through 30 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT II     Adverse Employment Actions Taken Against Plaintiff on the Basis of Retaliation.

Paragraphs 1 through 30 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, the loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because of his participation in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

## Relief Requested

WHEREFORE, Plaintiff Eric Ferguson respectfully requests that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendant complained of

      herein have violated the civil rights of Plaintiff Ferguson;

2. Order Defendant to award Plaintiff actual damages for his lost wages and lost benefits for the delays in promotion and the failure to promote him;

3. Order Defendant to promote Mr. Ferguson to a GS-13, at the step he would have been but for the unlawful discrimination he suffered;

4. Order Defendant to award Plaintiff compensatory damages in an amount of $300,000 for the harm he has suffered as a result of Defendant's unlawful actions in violation of the rights secured by Title VII of the Civil Rights Act of 1964.

5. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

7. Order such additional relief as the Court deems proper and just.

                              Jury Demand

Plaintiff Ferguson demands a trial by a jury of his peers for all claims contained herein.


                          Respectfully submitted,

                          _____
                          Gary T. Brown,
                          D.C. Bar # 246314
                          GARY T. BROWN & ASSOCIATES, P.C.
                          320 Maryland Avenue, N.E.
                          Suite 100
                          Washington, D.C. 20002
                          (202) 393-4900
                          Attorney for Plaintiff Ferguson