UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ————————————————————— ) | |
| ERIC FERGUSON,                              ) | |
|                                             ) | |
|                    Plaintiff,               ) | |
|                                             ) | |
| v.                                          ) | Case Number 06-1110(RBW) |
|                                             ) | |
| MARIA CINO, Acting Secretary,               ) | |
| U.S. Department of                          ) | |
| Transportation,                             ) | |
|                                             ) | |
|                    Defendant.               ) | |
| ——————————————————————— ) | |

## ANSWER

Defendant, Maria Cino, Acting Secretary of the U.S. Department of Transportation

("DOT"), by her undersigned counsel, the United States Attorney for the District of Columbia,

answers the Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent that the Complaint alleges actions and issues for which Plaintiff failed to

timely file complaints at the administrative level, Plaintiff has failed to appropriately exhaust his

administrative remedies.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant denies any discrimination or retaliation against Plaintiff, but asserts that,

regardless of any such claimed motivations, it would have taken the same personnel actions

challenged by Plaintiff.

Defendant further answers the numbered paragraphs of Plaintiff's Complaint by denying the allegations contained therein except as expressly admitted as follows:

1.  This paragraph contains Plaintiff's characterization of this action to which no answer is required; however, to the extent that an answer may be deemed necessary, the allegations in this paragraph are denied except to admit that Plaintiff is an employee of DOT.

2.  Defendant does not dispute the Court's jurisdiction over this matter.

3.  Defendant does not dispute venue in this matter.

4.  Defendant admits the allegations in the first sentence, but avers more specifically that Plaintiff has been employed by the National Highway Traffic Safety Administration, an operating component of DOT, since October 24, 1999.  Defendant admits the allegations in the second sentence of the paragraph.

5.  Defendant admits only to the extent that Norman Y. Mineta was the Secretary of Transportation until July 7, 2006, when he resigned from office, and that DOT employs more than 500 people.  Defendant avers that Maria Cino became Acting Secretary of Transportation after Mr. Mineta resigned.

6.  Admit.

7.  Defendant admits the allegations of this paragraph only to the extent that the General Engineer position for which Plaintiff was hired was advertised as a career ladder position with promotion potential to GS-13, and that career ladder promotions are non-competitive.

8.  Defendant admits the allegations in the first and second sentences.  Defendant denies the allegations in the third sentence.

9.  Defendant denies the allegations in the first sentence.  Defendant admits that Mr. Evans is a white male.

10.  Admit.

11.  Deny.

12. Defendant admits the allegations in this paragraph only to the extent that KristinThiriez was hired by Defendant as a GS-9 General Engineer in May 2000, that, at some point in her employment, she spoke with her supervisor about the requirements for advancement, and that she asked for and received responsibility for quality control and publication of results for the Tire Pressure Special Study.

13. Defendant admits that Ms. Thiriez was informed of the requirements of promotion and denies that Plaintiff was not informed of the requirements of promotion.

14.  Defendant denies the allegations of this paragraph and avers that the job descriptions for the GS-12 and GS-13 positions specify the need to perform management of projects (studies).

15. Defendant denies the allegations in the first sentence of paragraph 15.  Defendant admits the allegations in the second sentence.  Defendant lacks knowledge to admit or admit the allegations in the third sentence, but avers that project management is a documented requirement for promotion to GS-12 and GS-13.

16. Admit.

17.  Defendant admits the allegations in paragraph 17 except to deny that the plaintiff had volunteered for work.

18. Admit.

19. Deny.

20. Deny.

3

21.  Defendant admits that, on September 23, 2004, Plaintiff sent an e-mail to Mr. Chidester to clarify the status of his promotion.  However, Defendant denies that the Van Study was completed by this date.  Defendant admits the allegations in the second sentence of the paragraph.

22.  Admit.

23.  Defendant admits the allegations in the first and second sentences of paragraph 23. Defendant denies the allegations in the third sentence of the paragraph.

24.  Defendant admits that Plaintiff sought EEO counseling; however, the date of his initial contact with the EEO office was on November 29, 2004.

25.  Defendant admits only to the extent that the EEO counselor's notes indicate that, on December 7, 2004, Mr. Chidester said that Plaintiff's work at his current grade level and his timeliness in completing tasks posed no problems, but that he would like to see Plaintiff be more of a self-starter.

26.  Admit.

27.  Defendant admits only to the extent that Plaintiff has not been promoted to GS-13. Otherwise, deny.

(There are no paragraphs 28 or 29 in Plaintiff's Complaint.)

30.  Defendant denies that Plaintiff contacted an EEO counselor on November 12, 2004, and avers that he did so on November 29, 2004.  Defendant admits that Plaintiff filed a formal complaint on December 22, 2004.  Defendant admits the allegations in the second sentence of the paragraph, except to deny that Plaintiff requested a formal hearing.  Defendant admits the allegations in the third, fourth, and fifth sentences of the paragraph.

Count I

Defendant repeats and realleges its responses to paragraphs 1 to 27 and 30 of the Complaint as if fully set forth herein.  Defendant denies any unlawful or discriminatory acts.

<u>Count II</u>

Defendant repeats and realleges its responses to paragraphs 1 to 27 and 30 of the Complaint as if fully set forth herein.  Defendant denies any unlawful or discriminatory acts. Defendant also denies any statutorily protected activity by Plaintiff prior to November 29, 2004..

The remaining paragraphs numbered 1-7 set forth Plaintiff's prayer for relief to which no response is warranted.  However, Defendant denies that Plaintiff is entitled any relief whatsoever.

WHEREFORE, the Court should enter judgment for Defendant.


Respectfully submitted,


_____
KENNETH L. WAINSTEIN,
DC Bar #451058
United States Attorney


_____
 RUDOLPH CONTRERAS,
DC Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA,
DC Bar #495257
Assistant United States Attorney

OF COUNSEL:

MICHAEL T. GOODE
Attorney
NATIONAL HIGHWAY TRAFFIC
  SAFETY ADMINISTRATION
DEPARTMENT OF TRANSPORTATION

7