UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERIC FERGUSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 06-1110(RBW) |
| | * | |
| NORMAN Y. MINETA, | * | |
| Secretary, | * | |
| Department of Transportation, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

**DEFENDANT'S REPORT PURSUANT TO RULE 16.3 CONFERENCE**[1]

Pursuant to LCvR 16.3 and this Court's Order, Defendant states as follows:

Defendant's Statement of the Case

Plaintiff's claims before this Court concern his allegations that he was discriminated against based on his race and reprisal when he was promoted to a GS-12 more slowly than he deemed proper and was not further promoted to a GS-13. Defendant submits that Plaintiff has no claim under Title VII (42 U.S.C. § 2000e, et. seq.). To the extent that Plaintiff's complaint raises claims based on actions of Defendant that were not raised in a timely manner or at all at the administrative level, Plaintiff has failed to exhaust his administrative remedies. (42 U.S.C. § 2000e-16(c)). Moreover, Plaintiff cannot establish retaliation because he can establish no protected activity prior to November 29, 2004. Finally, the time frame within which Plaintiff was promoted was based on legitimate, nondiscriminatory reasons. (See e.g. McDonnell-

---

[1] Defendant has filed his own 16.3 report because undersigned counsel was unable to obtain final approval for the document from counsel for Plaintiff. Specifically, Plaintiff's counsel submitted a draft to undersigned on Thursday, September 28, 2006. Undersigned proposed changes and additions to the draft and emailed a version back to counsel on the same date, requesting that Plaintiff's counsel submit final comments or approval by the morning of October 3, 2006, the due date for this filing. When undersigned received no word from counsel this morning, she placed two calls to Plaintiff's counsel's office; however, although she spoke briefly with Plaintiff's counsel, undersigned was unable to ascertain approval for the final version. Thus, in an abundance of caution not to represent as joint statements those with which Plaintiff may not be in full agreement, and to fully comply with the filing deadline, Defendant files this document only on his own behalf.

Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).  Defendant may raise additional defenses based on evidence disclosed during discovery and throughout litigation of this suit.

1. **Dispositive Motions**

    Defendant believes that this case will ultimately be resolved by a dispositive motion.

2. **Joinder and Amendment; narrowing of issues**

    Defendant does not envision the joinder of parties, the amendment of pleadings or the narrowing of issues at this time.

3. **Assignment to Magistrate Judge**

    Defendant does not consent to this case being assigned to a Magistrate Judge for any purpose other than mediation.

4. **Settlement**

    Defendant does not believe that there is a possibility of settling the case at this time.

5. **ADR**

    Defendant proposes that any form of ADR should be held in abeyance pending completion of discovery and this Court's ruling on any dispositive motions.

6. **Resolution by summary judgment or motion to dismiss; motions deadlines**

    Defendant proposes that the deadline for any dispositive motions and/or cross motions should be sixty days after discovery closes.  Any oppositions should be filed within 30 days thereafter, and replies within 14 days of the opposition.

7. **Initial disclosures**

    Defendant proposes that the parties exchange initial disclosures fourteen (14) days following the issuance of the Court's scheduling order.

**8.    Discovery**

Defendant proposes that discovery should be completed in 120 days. Defendant proposes that the number of depositions be limited to five and that the number of interrogatories should be limited to twenty-five (25).

**9.    Expert witnesses**

Defendant proposes that Rule 26(a)(2) be followed, except that evidence intended to contradict or rebut evidence on the same subject matter by the opposing party be filed forty-five (45) days after the disclosure by the proponent of the original evidence.

**10.    Class Actions**

This is not a class action lawsuit.

**11.    Bifurcation**

Defendant does not believe that bifurcation of either the trial or discovery is necessary in this case.

**12.    Pretrial conference date**

Defendant proposes that the pretrial conference should be set for the first available date that is forty-five days after the Court decides all post-discovery dispositive motion(s), should any be filed.

**13.    Trial date**

Defendant proposes that the Court set the trial date at the pretrial conference.

**14.    Special Issues**

None.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-44412
Washington, D.C. 20530
(202) 616-5309

4