UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC FERGUSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 06-1110(RBW) |
| | * | |
| NORMAN Y. MINETA, | * | |
| Secretary, | * | |
| Department of Transportation, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

**REPORT OF THE PARTIES' RULE 16.3 CONFERENCE**

Counsel for the parties have personally discussed the topics required by LCvR 16.3 and this Court's Order and report as follows:

<u>Plaintiff Ferguson's Statement of the Case</u>

Mr. Eric Ferguson, a current employee of Defendant, the Secretary of Education, has a degree in civil engineering. The only African American professional in his work unit, he performed all the duties necessary for promotion, yet only white co-workers received the increase in pay and prestige. After heading a research group on passenger van safety, Mr. Ferguson was promised a promotion, but Defendant's agent failed to follow-through.

That promotion, over two years late, was finally awarded after Plaintiff engaged in the EEO complaint process. However, his next promotion has not been given to him, although he has met the necessary criteria.

After Mr. Ferguson complained of Defendant's actions which are proscribed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., he was subjected to conditions at his workplace which were reasonably calculated to deter him and others from future involvement

in the EEO process. Burlington Northern and Santa Fe Railroad Co. v. White, __ U.S. __, 2006 U.S. LEXIS 4895 (No. 05-259, June 22, 2006).

### Defendant's Statement of the Case

Plaintiff's claims before this Court concern his allegations that he was discriminated against based on his race and reprisal when he was promoted to a GS-12 more slowly than he deemed proper and was not further promoted to a GS-13. Defendant submits that Plaintiff has no claim under Title VII (42 U.S.C. § 2000e, et. seq.). To the extent that Plaintiff's complaint raises claims based on actions of Defendant that were not raised in a timely manner or at all at the administrative level, Plaintiff has failed to exhaust his administrative remedies. (42 U.S.C. § 2000e-16(c)). Moreover, Plaintiff cannot establish retaliation because he can establish no protected activity prior to November 29, 2004. Finally, the time frame within which Plaintiff was promoted was based on legitimate, nondiscriminatory reasons. (See e.g. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Defendant may raise additional defenses based on evidence disclosed during discovery and throughout litigation of this suit.

**1.   Dispositive Motions**

Defendant believes that this case will ultimately be resolved by a dispositive motion. Plaintiff disagrees and believes that a trial or other means of resolution will be necessary.

**2.   Joinder and Amendment; narrowing of issues**

The parties propose that a deadline of 30 days after entry of the Court's Scheduling Order be established for joinder of additional parties. The parties propose that a deadline of 60 days after entry of the Court's Scheduling Order be established for amending pleadings. No factual or legal issues appear ripe for narrowing at this time.

3.  **Assignment to Magistrate Judge**

The parties do not believe this case should be assigned to a Magistrate Judge for all purposes but would consent to the assignment of this matter to a Magistrate Judge for settlement purposes only.

4.  **Settlement**

Plaintiff is hopeful that the case may be resolved by settlement. Defendant does not believe that there is a possibility of settling the case at this time.

5.  **ADR**

Plaintiff believes that ADR may be appropriate at the midpoint of discovery if not otherwise settled. Defendant recommends that any form of ADR should be held in abeyance pending discovery and this Court's ruling on dispositive motions.

6.  **Resolution by summary judgment or motion to dismiss; motions deadlines**

The parties propose that the deadline for any dispositive motions and/or cross motions should be sixty days after discovery closes. Any opposition should be filed within 30 days thereafter, and replies within 14 days of the opposition.

7.  **Initial disclosures**

The parties agree to serve initial disclosures fourteen (14) days following the issuance of the Court's scheduling order.

8.  **Discovery**

The parties propose that a four month discovery period appears appropriate in this case, Plaintiff proposes that ten (10) depositions be allowed for each party. Defendant proposes that the

number of depositions be limited to five. The parties agree to a limit of twenty-five (25) interrogatories

The parties may propose a qualified protective order complying with the Health Insurance Portability and Accountability Act. The parties may propose another protective order relating to personnel information and will seek to arrive at a stipulated protective order, if necessary, before filing any motions for protective orders with the Court.

**9.    Expert witnesses**

The parties propose that Rule 26(a)(2) be followed, except that evidence intended to contradict or rebut evidence on the same subject matter by the other party be filed forty-five (45) days after the disclosure by the other party.

**10.    Class Actions**

This is not a class action lawsuit.

**11.    Bifurcation**

The parties do not believe that bifurcation of either the trial or discovery is necessary in this case.

**12.    Pretrial conference date**

The parties agree that the pretrial conference should be set for the first available date that is forty-five after the Court decides all post-discovery dispositive motion(s), should any be filed.

**13.    Trial date**

Plaintiff requests that a trial date be set at the status conference. Defendant believes that the Court should set the trial date at the pretrial conference.

**14.    Special Issues**

None.

Respectfully submitted,

_____/s/_____  _____/s/_____
GARY T. BROWN                         JEFFREY A. TAYLOR, D.C. Bar # 498610
D.C. Bar No. #246314                  United States Attorney
Gary T. Brown & Associates, P.C.          _____/s/_____
320 Maryland Avenue, N.E.             RUDOLPH CONTRERAS, D.C. Bar # 434122
Suite 100                             Assistant United States Attorney
Washington, D.C. 20002
(202) 393-4900                             _____/s/_____
Attorney for Plaintiff Ferguson       KATHLEEN KONOPKA, D.C. Bar #495257
                                      Assistant United States Attorney
                                      United States Attorneys Office
                                      Civil Division
                                      555 4th Street, N.W., Room E-4204
                                      Washington, D.C. 20530
                                      (202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC FERGUSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  06-1110(RBW) |
| | * | |
| NORMAN Y. MINETA, | * | |
| Secretary, | * | |
| Department of Transportation, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

## **SCHEDULING ORDER**

Upon consideration of the Parties LCvR 16.3 Report and the entire record herein, it is this

_____ day of October, 2006,  HEREBY ORDERED

1. Initial disclosures must be served no later than **fourteen (14) days** following the issuance of the Court's Scheduling Order.

2. Joinder of any additional parties must be completed no later than **thirty (30) days** following the issuance of the Court's Scheduling Order.  Any amendments to the pleadings must be made no later than **sixty (60) days** following the issuance of the Court's Scheduling Order.

3. Proponent, either Plaintiff or Defendant, shall file its expert witness disclosures pursuant to Fed. R. Civ. P. 26 (a)(2) no later than **ninety (90) days** prior to the start of trial. Opponent, either Plaintiff or Defendant, shall file its expert witness disclosures no later than **forty-five (45) days** prior to the start of trial.

4. Discovery shall conclude on **Tuesday, February 13, 2007**.

5.  Any dispositive motions must be filed no later than **Thursday, April 12, 2007**. Any opposition to the dispositive motions shall be filed no later than **Monday, May 14, 2007**. Any replies shall be filed no later than **Monday, May 28, 2007**.

6.  The pre-trial conference in this matter should be held within **forty-five (45) days** following the Court's decision on all post-discovery motions, should any be filed.

_____
**Honorable R. Walton**
United States District Court
For the District of Columbia