UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC FERGUSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 06-1110(RBW) |
| | * | |
| NORMAN Y. MINETA, | * | |
| Secretary, | * | |
| Department of Transportation, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

PLAINTIFF FERGUSON'S AMENDED MOTION FOR
EXTENSION OF DISCOVERY

Plaintiff Eric Ferguson, by and through his counsel, respectfully requests this Court grant his amended motion for an extension of time in which to complete discovery. Plaintiff seeks an additional thirty (30) days to complete all aspects of discovery or until June 4, 2007. Plaintiff files this amended version of his request for an extension to more completely explain Defendant's partial consent and in compliance with the Court's General Guidelines.

At least by April 25, 2007, counsel for the parties were discussing the need for an extension of time to complete discovery in this matter. Plaintiff proposed the terms he submits here today. Counsel for Defendant proposed an extension simply to complete the depositions already noticed, promising to finish the paper discovery before today's discovery deadline. Defendant, however, proposed a longer extension of 45 days, because of the alleged difficulty in scheduling a key deponent, a co-worker of Plaintiff who is a similarly situated employee. In this race and retaliation case, treatment of this deponent by management provides critical evidence to support Mr. Ferguson's prima facie case. This person, Kristin Kingsley, will be available for three days during May 2007 but only while Defendant's counsel is scheduled to be in trial.

More importantly to Plaintiff, Defendant refused to consider an extension allowing for the completion of the paper discovery.

Based on the premise of the completion of the paper discovery, counsel agreed to an extension until June 15, 2007, with the specific exclusion of any discovery except the depositions already noted.

Counsel for Plaintiff noticed eight (8) depositions for the last week and one half of discovery. Although understanding the schedule was difficult, Plaintiff wanted to insure the completion of the depositions before the end of discovery. Defendant asserted it was not able to produce those people. Rather than move to compel, the parties agreed to additional time to take those depositions.

However, Defendant has not yet completed its production of documents to Plaintiff and, despite the possibility of a motion to compel its responses, Defendant only offers promises of future production. The promises, however, appear sincere and Plaintiff believes that Defendant will make the promised production very shortly, but not before the current close of discovery today.

Further, Defendant has also needed to postpone the deposition of Plaintiff's supervisor, scheduled for today, due to its counsel's involvement in a pre-trial hearing before Judge Robertson. Although the time for the deposition was changed from 10:00 A.M. to Noon to accommodate the conflict in schedule, Defendant's counsel yesterday made known that the conference may take much longer with the issues now being raised by his opposing counsel. He suggested a floating time start, somewhere between 1 P.M. and 3 P.M., but Plaintiff believed that was impractical with all of the other people involved, including the court reporter. Further, this deponent probably has more knowledge of relevant than anyone but Plaintiff and starting at that time would not be practical.

Finally, Defendant had stated that he would produce all of the deponents, including the one scheduled for today, as soon as practicable.

Plaintiff seeks the additional thirty days of discovery to complete his depositions and obtain the promised documents without the need to involve the Court. Rather than move to compel the production of documents, and enforce the Notices of Deposition, which were properly served, Plaintiff seeks this thirty (30) day extension.

Plaintiff also seeks an adjustment of the timing for the filing of dispositive motions, until July 2, 2007. Plaintiff proposes July 23, 2007 for the submission of the opposition to any dispositive motion and August 6, 2007, for the filing of any reply briefs.

Defendant does not consent to this motion as submitted, but, as described above, has consented to an even longer extension for the purposes of completing depositions.

This Court may monitor and adjust the schedules of the matters before it, pursuant to its Article Three authority and Rule 16, Fed. R. Civ. P.

Plaintiff respectfully requests that this Court grant his motion.

Respectfully submitted,

_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900
Attorney for Plaintiff Ferguson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC FERGUSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  06-1110(RBW) |
| | * | |
| NORMAN Y. MINETA, | * | |
| Secretary, | * | |
| Department of Transportation, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

## **ORDER**

Upon consideration of Plaintiff's Motion for Extension of Discovery, and the entire record in this case, it is this _____ day of  May, 2007, hereby

ORDERED, that Plaintiff's Motion for Extension of the Discovery Deadline, until June 4, 2007, is hereby GRANTED.

It is further ORDERED that the deadlines for the filing of dispositive motions is to July 2, 2007, for the filing of any oppositions to such motion is July 23, 2007 and for the filing of any replies by August 6, 2007.

.

_____
**Judge, United States District Court**