UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERIC FERGUSON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 06-1110 (RBW) |
| ) | |
| NORMAN Y. MINETA ) | |
| Secretary, ) | |
| Department of Transportation ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR AN
EXTENSION OF TIME TO COMPLETE "ALL ASPECTS OF DISCOVERY"

Defendant, Department of Transportation, hereby opposes, in part, Plaintiff's motion for an extension of time to complete discovery. In support of its opposition, Defendant states as follows:

1. Discovery in this matter is currently scheduled to end today, May 2, 2007.

2. On April 18, 2007, only ten business days before discovery was scheduled to end, Plaintiff's counsel sent an e-mail to Defendant's counsel inquiring about dates when Defendant's counsel was available for depositions. Plaintiff's e-mail did not indicate the individuals whose depositions he wanted to take. Defendant's counsel called Plaintiff's counsel on that same date to discuss the inquiry and left a message.

3. On the afternoon of April 19, 2007, Plaintiff served notice of eight depositions upon Defendant and scheduled those depositions for April 25, April 26, April 27, and May 1, 2007. Plaintiff's counsel did not consult with Defendant's counsel about arranging for mutually convenient dates and times for any of these depositions before scheduling them.

4. Defendant's counsel had various matters already scheduled for April 25 and 26,

2007, including a status conference, a pre-trial conference, and a motions hearing before the District Court. Moreover, Defendant's counsel is also currently preparing for a District Court trial scheduled for May 7-18, 2007. Upon receipt of Plaintiff's notices of deposition, Defendant's counsel contacted Agency counsel to notify the noted witnesses. As expected, given the short notice, a number of witnesses also had conflicts with the scheduled dates.

5. Defendant's counsel immediately contacted Plaintiff's counsel, discussed the various conflicts, and proposed some alternative dates. Plaintiff's counsel also had conflicts on some of the alternative dates proposed by Defendant. The parties were able to schedule three of the depositions.

6. Plaintiff's counsel advised that before he could take any depositions, however, he needed to receive and review three OPFs that he had requested in discovery and that the Agency had objected to on various grounds, including the Privacy Act. Plaintiff's counsel also advised that he may or may not take all of the noted depositions depending upon his review of these OPFs and his discussions with his client. The parties executed a protective order/stipulation and Plaintiff was provided with a copy of the OPFs that he requested. Two of the OPFs were provided to Plaintiff's counsel last week and one was mailed earlier this week; as of yesterday, however, Plaintiff's counsel advised that he has not yet received the third OPF. Presumably, this third OPF is the "promised document[ ]" that Plaintiff refers to in his motion.

7. To date, the parties have completed two of the Plaintiff's noted depositions and had another deposition scheduled for today. Due to a pre-trial conference that was

rescheduled by Magistrate Judge Robinson, Defendant's counsel advised Plaintiff's counsel of this conflict and the parties discussed either starting the deposition later today or holding it on another date. In light of the fact that Plaintiff had not yet received the third OPF and that Plaintiff was unable to complete the other noted depositions by the close of discovery on May 2, 2007, Defendant's counsel indicated that Defendant would consent to a motion to extend discovery to provide the Plaintiff the necessary time to complete the depositions that had already been noted, but not yet completed. Defendant's counsel also indicated, however, that Defendant was not consenting to a motion to extend discovery for any other purposes, such as propounding of additional written discovery requests, noting of additional depositions beyond those already noted, or raising objections to any previously provided written discovery responses.

8. Discovery has already been extended twice, the first time on a joint motion by the Parties and the second time, on a consent motion by the Plaintiff. Moreover, Defendant has already provided Plaintiff with an extensive document production and interrogatory responses, and has made a good faith effort to make available the deposition witnesses requested by Plaintiff only nine business days before the close of discovery on May 2, 2007. In light of the parties' scheduling conflicts and the Plaintiff's inability to complete those depositions, Defendant was and is still willing to consent to an extension of discovery for the limited purpose of allowing Plaintiff additional time to complete the depositions that he has already noted. However, Defendant does not consent to an extension of the discovery period for any reasons beyond that.

For the foregoing reasons, Defendant opposes the Plaintiff's motion for an extension "to complete all aspects of discovery," but does not oppose Plaintiff's motion for an extension of time to complete those depositions that have been already noted by Plaintiff and not yet held. A proposed order consistent with this opposition is attached.

                Respectfully submitted,

                _____/s/_____
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                _____/s/_____
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                _____/s/_____
                QUAN K. LUONG
                Special Assistant United States Attorney
                555 Fourth Street, N.W., Room E-4417
                Washington, D.C. 20530
                (202) 514-9150 (telephone)