UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC FERGUSON<br><br>    Plaintiff,<br><br>    v.<br><br>NORMAN Y. MINETA<br>Secretary,<br>United States Department of<br>  Transportation<br><br>    Defendant. | Case No: 06-1110 (RBW)<br><br>ECF |

## STIPULATION OF SETTLEMENT, DISMISSAL WITH PREJUDICE, AND RELEASE

  Eric Ferguson, Plaintiff, and the U.S. Department of Transportation, Defendant, together the Parties, hereby stipulate and agree by and through their respective undersigned attorneys to settle and compromise the above-captioned action and any and all other Equal Employment Opportunity claims presented in this cause of action, or that Plaintiff could have presented, under the terms and conditions set forth in this settlement agreement ("settlement agreement" or "agreement"). In settlement of this matter:

  1. Defendant will pay Plaintiff a total of One Hundred Sixty Two Thousand Dollars ($162,000.00) ("payment") as a full, final, and complete settlement of all the Plaintiff's claims and damages, including, but not limited to, actual damages, compensatory damages, back pay, attorneys' fees, expenses, and costs that Plaintiff incurred, may have incurred, or may incur related to the above-captioned case as well as any prior administrative proceedings that refer or relate to Plaintiff's employment with the National Highway Traffic Safety Administration ("NHTSA"). Defendant shall make the lump sum payment of One Hundred Sixty Two

Thousand Dollars ($162,000.00) from the Judgment Fund, U.S. Department of the Treasury, via wire transfer and made payable to Gary T. Brown, Esq., attorney for plaintiff Eric Ferguson, with the funds to be distributed to Mr. Brown's Suntrust IOLTA Account ▓▓▓▓▓▓▓. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury. Plaintiff fully understands and acknowledges that payment of any and all Federal, State or local taxes on all amounts remitted hereunder are the responsibility of Plaintiff and/or his attorney.

Defendant agrees to request its counsel, the U.S. Attorney's Office, Washington, D.C., to expedite its execution and transmittal of all documents required by the U.S. Department of Treasury to process the payment specified above. Such documents will be transmitted by the U.S. Attorney's Office, Washington, D.C. to the appropriate section of the U.S. Department of Treasury within seven (7) days of the effective date of this settlement agreement.

Defendant further agrees to notify Plaintiff, through his counsel, of the status of the processing of the payment by the U.S. Department of the Treasury within forty (40) days of the effective date of this settlement agreement. If applicable, Defendant will notify Plaintiff of any errors or delays in the processing of the payment.

If the payment has not been made within sixty (60) days of the effective date of this settlement agreement, Defendant further agrees to notify Plaintiff, through his counsel, of the status of the processing of the payment by the U.S. Department of the Treasury, a projected date of payment, and any and all reasons why the payment has not been made.

2. Defendant shall promote Plaintiff to a GS-13, Step 2, effective on Sunday, September 2, 2007. By his execution of this settlement agreement, Plaintiff agrees to resign from

2

federal service with the Defendant, effective on Tuesday, September 4, 2007. Plaintiff agrees to cooperate in any administrative processing of his resignation, including, but not limited to, the return of any identifications or badges issued to him.

3. Plaintiff shall be placed on paid administrative leave, commencing on the effective date of this settlement agreement, and ending on Tuesday, September 4, 2007.

4. Upon written or verbal inquiry from any prospective employer or other interested parties, the Defendant will provide a neutral reference containing only the following information regarding the Plaintiff's employment: (a) the dates of employment; (b) the position or job title held by the Plaintiff at the time of his resignation; and (c) Plaintiff's salary or wage grade at the time of his resignation. Defendant agrees to notify National Center for Statistics and Analysis ("NCSA") supervisors that any reference requests should be directed to Defendant's human resources office.

5. By his signature below, Plaintiff for himself, his heirs and personal representatives, fully and forever releases, acquits and discharges Defendant, and its components, agents, employees and former employees, either in their official or individual capacities, from any and all claims, demands, and causes of action of every kind, nature or description, whether known or unknown, which Plaintiff may have had, may now have, or may hereafter discover arising out of or in connection with any event occurring prior to the effective date of this settlement agreement, including, without limitation, events relating to Plaintiff's employment with Defendant; any alleged violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, The Rehabilitation Act of 1973, and the Family and Medical Leave Act of 1993; and claims for personal injury, emotional distress or future claims of wrongful death.

3

In connection with such waiver and relinquishment, Plaintiff acknowledges that he is aware that he may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which he now knows, with respect to the matters released herein. Nevertheless, it is the intention of Plaintiff through this release, and with the advice of counsel, to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiff and Defendant, or their components, agents, employees and former employees, individually, and/or in their official capacities, arising out of the circumstances encompassed by this release.

6. Defendant asserts, by its execution of this settlement agreement, that it fully and forever releases, acquits and discharges Plaintiff, his heirs and his personal representatives from any and all claims, demands, and causes of action of every kind, nature or description relating to Plaintiff's employment with NHTSA, whether known or unknown, which NHTSA may have had, may now have, or may hereafter discover arising out of or in connection with any event, action or inaction occurring prior to the date of this settlement agreement.

7. Plaintiff agrees that he will not seek nor accept re-employment in any capacity with NHTSA at any time. Plaintiff also agrees that he will not seek nor accept employment with any other components of the U.S. Department of Transportation for at least one year after the effective date of this settlement agreement.

8. This settlement agreement does not constitute an admission of any wrongdoing, liability, or violation of any Federal, State or local statute or regulation on the part of the United States, the U.S. Department of Transportation, its officers, agents or employees.

9. The provisions of this settlement agreement shall be deemed severable, and any

4

invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

10. This settlement agreement will be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

11. The Parties agree that this settlement agreement shall not be used as evidence or otherwise in any pending or future civil or administrative action against the U.S. Department of Transportation, or any other agency or instrumentality of the United States, except in an action to enforce this settlement agreement or to establish the terms thereof.

12. This settlement agreement sets forth the entire understanding of the Parties. All understandings have been incorporated into the terms of this settlement agreement. No statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or their counsel which are not included herein shall be of any force or effect. No variations from the terms and conditions hereof will be permitted except pursuant to a written amendment executed by the duly authorized representatives of both Parties.

13. The Parties and their counsel acknowledge that they fully understand and voluntarily agree to the terms of this settlement agreement. The Plaintiff represents and agrees that he has thoroughly discussed all aspects of this settlement agreement with his attorney, that he has carefully read and fully understands all of the provisions of this settlement agreement, and that he is voluntarily entering into this settlement agreement.

14. This settlement agreement shall be effective upon execution by all Parties. This settlement agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This settlement

agreement may be executed by facsimile signature, and any such facsimile signature by any party hereto shall be deemed to be an original signature and shall be binding on such party to the same extent as if such facsimile signature were an original signature.

15. The execution of this settlement agreement by Plaintiff, his counsel, and counsel for the Defendant, and filing of this settlement agreement with the Court shall constitute a dismissal of this action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall retain jurisdiction to resolve a claim of noncompliance with the terms of this settlement agreement. It is agreed that the respective Parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff to his counsel will be paid out of his funds or the settlement amount and not in addition thereto.

Respectfully submitted,

| | |
|---|---|
| _____ 8/29/07<br>GARY T. BROWN          Date<br>D.C. Bar #246314<br>GARY T. BROWN & ASSOCIATES, P.C.<br>320 Maryland Avenue, N.E.<br>Suite 100<br>Washington, D.C. 20002<br>(202) 393-4900<br>Counsel for Plaintiff | _____ 8/30/07<br>JEFFREY A. TAYLOR       Date<br>D.C. BAR # 498610<br>United States Attorney<br><br>_____<br>RUDOLPH CONTRERAS       Date<br>D.C. BAR # 434122<br>Assistant United States Attorney<br><br>_____<br>QUAN K. LUONG          Date<br>Special Assistant United States Attorney<br>555 Fourth Street, N.W., Room E-4417<br>Washington, D.C. 20530<br>(202) 514-9150 (telephone)<br>(202) 514-8780 (facsimile) |
| _____ 8/29/07<br>ERIC FERGUSON          Date<br>PLAINTIFF | |

SO ORDERED: _____
UNITED STATES DISTRICT JUDGE

this __12th__ day of __September__, 2007.